UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLEVON MORRISEY JR. BEY,

    Plaintiff,

v.

RACHEL ORTIZ, et al.,

    Defendants.

Civil Action No. 17-8601 (MAS) (TJB)

**MEMORANDUM ORDER**

Plaintiff Clevon Morrisey Jr. Bey seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. Presently before the Court is his motion to reopen and his *fourth* IFP application. (ECF Nos. 14 & 15.) The Court denied the first application because, at the time the Complaint was filed, he was a prisoner, and the application failed to include a six-month prison account statement as required by 28 U.S.C. § 1915(a)(2). (Order, Nov. 3, 2017, ECF No. 4.) In the second application, Plaintiff argued that he was not required to submit a six-month statement as he was no longer a prisoner, but the Court nevertheless denied the application because it was not submitted on the non-prisoner form. (Order, Dec. 5, 2017, ECF No. 8.) The Court then denied the third application on the merits, finding that Plaintiff did not establish his inability to pay the filing fee. (Order, Feb. 13, 2018, ECF No. 13.)

Plaintiff's fourth application is not an IFP application in the traditional sense. Instead, he submits various United States Bankruptcy Court forms, seeking to pay the filing fee in installments. (*See* ECF No. 15.) While federal bankruptcy rules allow payment of filing fees in bankruptcy cases in installments (*see* Fed. R. Bankr. P. 1006), those rules have no application in the district court. Instead, there is no provision that permits a non-prisoner plaintiff to pay filing fees in installments in the district court. As such, Plaintiff's motion to reopen is denied, and to the

extent his filings may be construed as another IFP application, it is also denied. Since the Court provided Plaintiff four opportunities to perfect his IFP application, this denial is *with prejudice*, and the case is dismissed without prejudice for failure to pay the filing fee. *See Velazquez v. Zickerfoose*, No. 11-2459, 2014 WL 6611058, at * 7 (D.N.J. Nov. 21, 2014) (dismissing with prejudice after having afforded plaintiff three opportunities to perfect); *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 WL 1266209, at *18 (D.N.J. Mar. 26, 2014) (same); *Thompson v. Keystone Human Servs. Corp.*, No. 09-2558, 2012 WL 398619, at *6 (M.D. Pa. Feb. 7, 2012) (denying leave to amend after three chances); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

IT IS therefore on this 23rd day of August, 2018,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED";

**ORDERED** that Plaintiff's application to proceed IFP (ECF No. 15) is hereby **DENIED WITH PREJUDICE**;

**ORDERED** that Plaintiff's motion to reopen (ECF No. 14) is hereby **DENIED**;

**ORDERED** that the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular mail, and shall **CLOSE** the file.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE